UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **FAITH COOPER** | **CASE NO. 2:22-CV-04980** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **X Y Z INSURANCE CO** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM RULING

Before the Court is a "Motion to Dismiss Under Rule 12(b)(6)" (Doc. 40), wherein Defendants, Allstate Insurance Company and Allstate Indemnity Company (collectively referred to as "Allstate") move the Court to grant judgment on the pleadings by declaring that Plaintiff, Faith Cooper's complaint fails to state a claim upon which relief may be granted.

## INTRODUCTION

On August 26, 2022, Plaintiff filed the instant lawsuit naming Defendant, XYZ Insurance Company as a fictious name to represent her insurance company. Plaintiff alleged that her residence was damaged by Hurricanes Laura and Delta on August 27, 2020, and October 9, 2020, respectively. Plaintiff also alleged that XYZ Insurance Company insured her covered losses.

On October 11, 2022, Plaintiff filed a motion to amend[1] her complaint to name Allstate Insurance Company as a Defendant. A Notice of Deficiency was issued as to this

---

[1] Doc. 5.

Motion.[2] Because Plaintiff's counsel failed to correct the Deficiency, that Motion to Amend was stricken from the record.[3] On May 25, 2023, the Magistrate Judge issued a Report and Recommendation recommending that the Complaint be stricken for failure to comply with Rule 11 of the Federal Rules of Civil Procedure.[4] After the Report and Recommendation was issued, counsel for Plaintiff filed a Second Motion to Amend to correct the non-compliance issue regarding the original complaint and name Allstate Insurance Company.[5] Thus, the Court concluded that the Report and Recommendation was moot.[6]

On May 31, 2023, counsel for Plaintiff filed a Second Motion to Amend Complaint.[7] Again, a Notice of Deficiency was issued, after which counsel corrected the deficiency. On July 19, 2023, the Court granted Plaintiff's Second Motion to Amend, which named Allstate Insurance Company ("Allstate") as the Defendant.[8] Allstate answered the Complaint and assert prescription as a defense.[9] On July 27, 2023, Plaintiff filed a Petition for Leave to File a Third Supplemental and Amending Complaint[10] to name as Defendant, Allstate Indemnity Insurance Company. That Motion was granted on October 31, 2023.[11]

---

[2] Doc. 2.
[3] Doc. 11.
[4] Doc. 16.
[5] Doc. 18.
[6] Doc. 22.
[7] Doc. 18.
[8] Docs. 23 and 24.
[9] Doc. 31.
[10] Doc. 26.
[11] Docs. 35 and 36.

## RULE 12(b)(6) STANDARD

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund v. (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## LAW AND ANALYSIS

Allstate moves to dismiss the claims brought against it due to prescription. Allstate asserts that the Second Amended Complaint naming Allstate Insurance Company as a Defendant, filed on July 19, 2023, is well beyond the October 9, 2020, two-year prescriptive period.

While Louisiana law provides a ten-year prescriptive period for personal actions, Louisiana Civil Code article 3499, the parties to an insurance contract may contractually agree to limit the period within which a suit must be filed. *Noland v. Sun Life Assurance Co. of Canada*, 2001 WL 360775, at *1 (5th Cir. 2001). Bad faith claims are subject to a ten-year prescriptive period because they are "an outgrowth of the contractual and fiduciary relationship between the insured and the insurer, and the duty of good faith and fair dealing emanates from the contract between the parties." *Smith v. Citadel Ins. Co.*, 285 So.3d 1062, 1069 (La. 2019). However, in *Taranto v. La. Citizens Prop. Ins. Co.,* 62 So. 3d 721, 727 (La. 2011), stated in an insurance lawsuit, the time period that a Plaintiff has to bring this action may be derived from either the general statutes of limitations or the terms of the particular insurance policy. [citation omitted]." The contractual period of prescription is valid so long as it does not contravene a state statute or public policy." *Id.*

Allstate notes that the policy at issue contains a "Suit Against Us" clause, which states that "[a]ny suit or action must be brought within 24 months after the inception of loss or damage.[12]  Consequently, Allstate argues that the instant lawsuit is prescribed. Allstate relies on *Wilson v. La. Citizens Prop. Ins. Corp.*, 375 So.3d 961 (La. 1/10/24) wherein the Louisiana Supreme Court held that the two-year limitation on the institution of first-party suits based on breach of good faith duties in property insurance policy, rather than the ten-year prescriptive period appliable in actions in which the insurer's bad faith actions constituted a breach of contractual obligations, applied to the insured's action

---

[12] Defendant's exhibit 1, - Policy endorsement.

Page **4** of **7**

against insurer to recover penalties based on insurer's alleged failure to timely tender payments for losses, where there was no statutory prohibition that precluded the insurer from adopting the two-year limitation. Louisiana Revised Statute Annotated § § 22:868(B), 22:1892, 22:1973. In *Wilson,* the Court found that all of Plaintiff's claims, including the bad faith claims were prescribed.

Plaintiff argues that *Wilson* does not address interruption, and that the two-year contractual limitation in a first party policy is subject to interruption, relying on *C R U Shreveport, LLC v. United Nat'l Ins. Co.*, 2020 WL 5948283, at *3-5 (W.D. La. Sept. 1, 2020), *report and recommendation adopted sub nom, CRU Shreveport, LLC v. United Nat'l Ins. Co.*, 2020 WL 5949977 (W.D. La. Oct. 7, 2020). Plaintiff then argues that an unconditional tender[13] by the insurer to its unsured interrupts prescription, citing *Demma v. Automobile Club Inter-Insurance Exchange*, 15 So.3d 95 (La. 6/26/09).

Plaintiff asserts that Allstate made an unconditional tender on August 17, 2021, which acknowledged liability under the terms and conditions of the policy. Plaintiff argues that this unconditional tender interrupted prescription based on the ruling in *Demma.*

Allstate argues that Plaintiff's argument is flawed because the August 17, 2021, "unconditional tender" relied upon by Plaintiff[14] is not an unconditional tender but references a payment by Allstate to Next Level Restoration, Inc.

Next, Allstate argues that Plaintiff did not name Allstate Indemnity Company as a defendant until October 31, 2023, well after Plaintiff's suggested August 17, 2023,

---

[13] Plaintiff's exhibit 1.
[14] Plaintiff's exhibit 1.

prescriptive period deadline. Finally, Allstate argues that Plaintiff's reliance on *CRU Shreveport* is misguided and flawed. Allstate distinguishes *CRU Shreveport* by noting that it involved a lawsuit that was timely filed, dismissed on appeal, and a second suit filed. Allstate contends that in that case, unlike the one at hand, the first timely filed suit interrupted prescription for the subsequent suit.

      The Court agrees that prescription can be interrupted when the obligee commences actions against the obligor in a court of competent jurisdiction and venue. Louisiana Civil Code article 3462. However, that is not what happened here. The suit was originally filed against an unknown insurer-XYZ Insurance Company. The suggested unconditional tender is not an unconditional tender, it is merely a payment to a third party. "Mere settlement offers or conditional payments, humanitarian or charitable gestures, and recognition of disputed claims will not constitute acknowledgements." *Robinson v. State Farm Mut. Auto. Ins. Co.*, 368 so.3d 1143 (La.App. 2023) citing *Marseilles Homeowners Condo. Ass'n, Inc. v. Broadmoor, L. L.C.*, 111 So.3d 1099, 1104-05 (La. App. 4 Cir. 2/27/13) (quoting *Lima v. Schmidt*, 595 So.2d 624, 634 (La. 1992). The Court finds that the suggested payment is not an interruption of prescription. *CRU Shreveport* is clearly distinguishable. Plaintiff did not name Allstate Indemnity Company as a Defendant until October 31, 2023, well beyond the policy's two-year prescriptive period. And finally, because the Court finds that there was no interruption of prescription, the claims against Allstate Insurance Company, made July 19, 2023, is likewise prescribed.

## CONCLUSION

For the reasons explained herein, the Motion to Dismiss Under Rule 12(b)(6)" (Doc. 40) will be granted dismissing both Allstate Insurance Company and Allstate Indemnity Company because Plaintiff's claims are prescribed.

**THUS DONE AND SIGNED** in Chambers on this 24th day of April, 2024.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**